IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2001-A,** | § § § § § § § § | |
| Plaintiff, | § | Civil Action No. 5:20-cv-1260 |
| v. | § § § | |
| **BENJAMIN ERIC GARZA, MARIA MUNOZ REYNA, BELLE M. REYNA, BARBARA REYNA READY, BARRY MUNOZ REYNA, AND BENJAMIN MUNOZ REYNA,** | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2001-A ("Deutsche Bank" or "Plaintiff") and files this its *Original Complaint* against Benjamin Eric Garza, Maria Munoz Reyna, Belle M. Reyna, Barbara Reyna Ready, Barry Munoz Reyna, and Benjamin Munoz Reyna ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and

does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Wilmington has its main office in California. Therefore, Deutsche Bank is a citizen of California for diversity purposes.

2. Beverly R. Garza ("Decedent") was an obligor under the Loan Agreement. Decedent died on or about May 22, 2020. Upon information and belief, no probate is open for her estate in the county where the subject property is located or the county where she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3. Defendant Benjamin Eric Garza is a citizen of Texas and surviving spouse of Decedent. He may be served with process at his residence, 5915 Cliff Trail, San Antonio, Texas 78250, or at such other place as he may be found. Summons is requested.

4. Defendant Maria Munoz Reyna is a citizen of Texas and the mother of Decedent. She may be served with process at her residence, 339 Surrells Avenue, San Antonio, Texas 78228, or at such other place as she may be found. Summons is requested.

5. Defendant Belle M. Reyna is a citizen of Texas and the sister of Decedent. She may be served with process at her residence, 319 Surrells Avenue, San Antonio, Texas 78228, or at such other place as she may be found. Summons is requested.

6. Defendant Barbara Reyna Ready is a citizen of Texas and the sister of Decedent. She may be served with process at her residence, 218 Delores Avenue, San Antonio, Texas 78228, or at such other place as she may be found. Summons is requested.

7. Defendant Barry Munoz Reyna is a citizen of Texas and the brother of Decedent. He may be served with process at his residence, 307 Revlon Drive, San Antonio, Texas 78228, or at such other place as he may be found. Summons is requested.

8. Defendant Benjamin Munoz Reyna is a citizen of Texas and the brother of Decedent. He may be served with process at his residence, 22235 Old Fossil Road, San Antonio, Texas 78261, or at such other place as he may be found. Summons is requested.

9. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Bexar County Central Appraisal District Website, the Property involved in this matter is valued at $133,815.00. Therefore, the amount in controversy is well in excess of $75,000.00.

10. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees

will be in excess of $15,000.00 through trial.

11. Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

12. On or about November 30, 2001, Decedent Beverly R. Garza ("Borrower") executed that certain *Texas Home Equity Adjustable Rate Note* (the "Note") in the original principal amount of $50,400.00 payable to Ameriquest Mortgage Company and bearing interest at the rate of 11.990% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

13. Concurrently with the Note, Borrower executed that certain *Texas Home Equity Security Instrument* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Ameriquest Mortgage Company. a security interest in certain real property and improvements located in Bexar County, Texas, commonly known as 5915 Cliff Trail, San Antonio, Texas 78250, and more particularly described as:

> LOT 159, BLOCK 12, GREAT NORTHWEST, UNIT 2, IN BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 7900, PAGE 43-46, OF THE PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Bexar County, Texas on December 18, 2001 under Document No. 20010222531. A true and correct copy of the Security Instrument is attached hereto at Exhibit B.

14. The Loan Agreement was subsequently transferred from Citi Residential Lending Inc., as Attorney-In-Fact for Ameriquest Mortgage Company to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through

Certificates, Series 2001-A, as evidenced in that certain *Corporate Assignment of Deed of Trust* ("Assignment") executed on February 13, 2009 and recorded in the Real Property Records for Bexar County, Texas under Document No. 20090026215. A true and correct copy of the Assignment is attached hereto as <u>Exhibit C.</u>

15. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

16. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18. On May 22, 2020, Decedent Beverly R. Garza passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

19. Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Security Instrument.

20. The Loan Agreement is in default as of March 1, 2019. A *Notice of Default* ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property

Code on April 17, 2019. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit D.</u>

21. The default was not cured. A *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to the Decedent on July 22, 2019. A true and correct copy of the Notice of Acceleration is attached hereto as <u>Exhibit E</u>.

22. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – STATUORTY PROBATE LIEN

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *" . . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

      c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

25. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

28. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the heirs' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the heirs for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrower.

## V. CAUSE OF ACTION - FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff asserts a cause of action for judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendants have failed to make the payments for the Property required under the Note.

31. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

32. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

33. All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

34. Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## VII. WRIT OF POSSESSION

35. If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. a declaration that all of Decedents' heirs-at-law have been made parties to this suit and are vested with all of Decedents' right, title, and interest in the Property;

b. a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e. attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

f. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ Mark D. Cronenwett
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **JONATHAN C. SMITH**
    Texas Bar No. 24103940
    jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**